T.C. Memo. 2015-41

UNITED STATES TAX COURT

MAHAMUD ABDI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8057-13.                    Filed March 11, 2015.

Mahamud Abdi, for himself.

Melissa Jane Hedtke, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge:  The respondent (the "IRS") issued a notice of

deficiency to the petitioner, Mahamud Abdi, for the 2011 tax year disallowing an

earned-income tax credit ("EITC") of $608 and determining a corresponding

**[*2]** income-tax deficiency of $608. This case arises from Abdi's timely petition.

We have jurisdiction pursuant to section 6214(a).[1]

The sole issue for decision is whether Abdi is entitled to an EITC for the

2011 tax year. We hold that he is not.

FINDINGS OF FACT

Some facts have been stipulated, and they are so found. Abdi resided in

Minnesota when he filed the petition. Therefore, an appeal of our decision in this

case would go to the U.S. Court of Appeals for the Eighth Circuit unless the

parties stipulate venue in another circuit. See sec. 7482(b)(1) and (2).

During 2011 Abdi turned 25 years old, was unmarried, and resided in

apartment 235 at 2178 Londin Lane, St. Paul, Minnesota.[2]

---

[1]All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]The parties executed a pre-trial stipulation that "[d]uring 2011, Abdi resided in apartment 245 at 419 Cedar Ave. S., Minneapolis, Minnesota". The IRS contends that Abdi should not be permitted to take the position that he resided anywhere else. We have broad discretion to determine when it is appropriate to set aside a stipulation. Blohm v. Commissioner, 994 F.2d 1542, 1553 (11th Cir. 1993), aff'g T.C. Memo. 1991-636, 62 T.C.M. (CCH) 1586 (1991); Estate of Eddy v. Commissioner, 115 T.C. 135, 137 n.4 (2000). We "may" relieve a party of a stipulation "where justice requires." Rule 91(e). A common situation is one where the stipulation is contrary to facts brought out at trial. See Blohm v. Commissioner, 994 F.2d at 1553; Jasionowski v. Commissioner, 66 T.C. 312, 318

(continued...)

[*3]   Abdi timely filed his federal-income-tax return for 2011.  On this return Abdi reported wages of $38,060, reported gross income of $38,060, and claimed an EITC of $608.  His filing status was "[s]ingle".

Abdi claimed both his brother, Abdikafi Ali, and his niece, I.A.,[3] as "qualifying children" for purposes of the EITC on his 2011 federal-income-tax return.  During 2011 Abdi's brother turned 15 years old, and resided in apartment 235 at 2178 Londin Lane, St. Paul, Minnesota, with, among others, Abdi.  During 2011 Abdi's niece turned four years old, and resided in apartment 238 at 2178 Londin Lane, St. Paul, Minnesota.  Abdi did not reside with his niece at any point during 2011.

On February 23, 2013, the IRS issued the notice of deficiency to Abdi for the 2011 tax year, disallowing the EITC and determining a corresponding income-tax deficiency of $608.

---

[2](...continued)
(1976).  Abdi is a Somali refugee with limited English skills who required a translator's assistance during the trial, and he credibly testified that he did not understand the relevant stipulation, i.e., that in stipulating his place of residence the address that he gave was in fact a post office box that he had used as his mailing address for years, and that during 2011 he lived in apartment 235 at 2178 Londin Lane, St. Paul, Minnesota.  Under the circumstances we relieve Abdi of the stipulation in question.

[3]The Court refers to minor children by only their initials.  See Rule 27(a)(3).

**[*4]** The case was tried in St. Paul, Minnesota.

OPINION

Generally, the taxpayer bears the burden of proving, by a preponderance of the evidence, that the determinations in the notice of deficiency are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues is imposed on the IRS under section 7491(a). Abdi has not claimed, and the record does not suggest, that section 7491(a) imposes the burden of proof on the IRS with regard to any factual issue. Accordingly, Abdi bears the burden of proving, by a preponderance of the evidence, that he is entitled to an EITC for the 2011 tax year.

Generally, section 32(a)(1) allows an eligible individual an EITC against that individual's income-tax liability. An individual taxpayer who does not file jointly and has "earned income" of more than $36,052 is not entitled to any amount of EITC unless the taxpayer has at least two "qualifying children". Sec. 32(b)(2), (j)(1); Rev. Proc. 2011-12, sec. 2.04(1), 2011-2 I.R.B. 297, 299.

The term "earned income" includes wages, salaries, and other employee compensation to the extent such amounts are includible in gross income for the taxable year. Sec. 32(c)(2)(A)(i). Abdi reported that he earned wages of $38,060 and that these wages are includible in gross income. Neither party suggests that

[*5] the return was wrong in this respect. Nor does either party suggest that Abdi had earned income from a source other than wages. Accordingly, Abdi's "earned income" for purposes of the EITC for 2011 was $38,060. See id. His filing status was "[s]ingle". Therefore, Abdi is not entitled to any amount of EITC unless he has at least two "qualifying children". See sec. 32(b)(2), (j)(1); Rev. Proc. 2011-12, sec. 2.04(1).

A taxpayer's "qualifying child" for purposes of the EITC means an individual who: (1) is related to the taxpayer, including brothers and nieces, see sec. 152(c)(2)(B); (2) has the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meets certain age requirements; and (4) who has not filed a joint return, other than only for a claim of refund, with the individual's spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins, see secs. 32(c)(3)(A), 152(c). Abdi claimed his niece and his brother as his two "qualifying children" for purposes of the EITC for the 2011 tax year. Abdi testified that, at all times during 2011, his niece resided in apartment 238 at 2178 Londin Lane, St. Paul, Minnesota. Abdi also testified that, at all times during 2011, he resided in apartment 235 at 2178 Londin Lane, St. Paul, Minnesota. According to Abdi's uncontradicted testimony, Abdi did not share the same principal place of abode

**[\*6]** with his niece for any part of 2011. Consequently, Abdi's niece is not Abdi's "qualifying child" for 2011. See sec. 152(c)(1)(B). Accordingly, Abdi has at most one "qualifying child" for 2011. Therefore, it is unnecessary for this Court to determine whether Abdi's brother was Abdi's "qualifying child".

For the 2011 tax year Abdi did not file jointly, his "earned income" was $38,060, and he had less than two "qualifying children". Accordingly, Abdi is not entitled to an EITC for 2011. See sec. 32(b)(2), (j)(1); Rev. Proc. 2011-12, sec. 2.04(1).

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.